IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEEKS MARINE, INC., Plaintiff, | : | |
| v. | : | No. 07-700C (Judge Wheeler) |
| THE UNITED STATES, Defendant. | : | |

**PLAINTIFF'S MOTION TO ENFORCE AND AMEND THE COURT'S ORDER DATED NOVEMBER 1, 2007 AND REQUEST FOR AN ORDER TO SHOW CAUSE AS TO WHY THE DEFENDANT SHOULD NOT BE FOUND TO BE IN CONTEMPT OF COURT**

Plaintiff WEEKS MARINE, INC. moves the Court for an Order directing the Defendant to comply with the Court's Opinion and Order dated November 1, 2007 expressly enjoining the Defendant from using Solicitation No. W912EP-07-R-0007 to receive proposals or to award negotiated IDIQ contracts or task orders for maintenance dredging or shore protection services. The Court's Opinion and Order, when read together, expressly and implicitly required the Defendant to employ sealed bidding for the procurement of dredging and shore protection projects, absent a sufficient legal justification or rational basis to employ contracting by negotiation.

In blatant contravention and defiance of the Court's Order and supporting Opinion, the Defendant has issued Presolicitation Notices for the very same four task order projects that were to be procured on a negotiated basis under the former IDOQ/MATOC

solicitation as "new" individual negotiated procurements. There have been no changes in the underlying facts and circumstances to make the use of contracting by negotiation any more appropriate for these four projects now than there was one week ago when the Defendant proposed to solicit the four projects as negotiated task orders. The Defendant's advertised intention to issue individual negotiated solicitations rather than invitations for sealed bids requires the intervention of this Honorable Court to assure that its Order dated November 1, 2007 is enforced. The Court is further requested to issue an Order to Show Cause as to why the Defendant should not be found to be in contempt of court.

In the alternative, pursuant to Rule 59(e) of the Rules of the United States Court of Federal Claims, the Court is requested to amend and clarify its Order to further enjoin the Defendant from soliciting the four pending projects on any basis other than sealed bidding. The Court is also requested to further enjoin the Defendant from soliciting any projects for maintenance dredging or shore protection on any basis other than sealed bidding unless a sufficient justification exists to do otherwise in accordance with 10 U.S.C. § 2304(a) and FAR ¶ 6.401(a).

The Court is requested to schedule an expedited hearing and to direct the Defendant to identify those Government representatives responsible for the failure to abide by the Court's Opinion and Order dated November 1, 2007, so that the

Court can issue further and specific directives, or take any further action it deems appropriate. By way of appropriate sanction, the Court is also requested to direct the Defendant to reimburse the Plaintiff for the legal fees and costs incurred in connection with this Motion. A Memorandum of Points and Authorities in Support of Plaintiff's Motion to Enforce and to Amend the Court's Order is filed herewith.

Respectfully submitted,

Date: November 12, 2007

/s/ Michael H. Payne

Michael H. Payne, Esquire
Payne Hackenbracht & Sullivan
220 Commerce Dr., Suite 100
Fort Washington, PA 19034
(215) 542-2777
(215) 542-2779/FAX
mhp@phslegal.com

Counsel of Record for
WEEKS MARINE, INC.