# In the United States Court of Federal Claims

No. 07-700C

(Filed: November 16, 2007)

```
**************************************** *
                                         *
WEEKS MARINE, INC.,                      *
                                         *
                    Plaintiff,           *
                                         *
 v.                                      *
                                         *
THE UNITED STATES,                       *
                                         *
                    Defendant.           *
                                         *
**************************************** *
```

ORDER TO AMEND AND ENFORCE JUDGMENT

Upon motion by Plaintiff, the Court must fashion a remedy to address an agency's conduct that the Court regards as an "end run" to a judicial order and injunction. The U.S. Army Corps of Engineers, South Atlantic Division, Jacksonville District Office, has gone forward with procurement activities that the Court permanently enjoined in a November 1, 2007 Opinion and Order, but it has done so in an altered format so as to contend that the new activities are not in violation of the injunction. Based upon information gleaned at a November 15, 2007 hearing, it appears that the agency has chosen this course purely on its own, without seeking the guidance of the Department of Justice, or requesting any relief from the injunction to proceed as it desires. For the reasons explained below, and to place paramount importance on the best interests of the federal procurement system, the Court will allow Defendant to proceed with its planned project at Kings Bay, Georgia and Fernandina Harbor, Florida, but will amend the injunction to prohibit the use of negotiated procurement methods on three other projects where the agency has provided no legal or factual justification for its actions.

On November 1, 2007, the Court issued an Opinion and Order granting Plaintiff's motion for judgment on the administrative record and enjoining Defendant, acting by and through the United States Army Corps of Engineers, South Atlantic Division ("SAD"), including its officers, agents, employees, attorneys, and others acting in concert or participation with them, from using Solicitation No. W912EP-07-R-0007 to receive proposals or to award negotiated indefinite delivery, indefinite quantity ("IDIQ") contracts or task orders for maintenance dredging or shore protection projects.

The Court found that SAD's Acquisition Plan and the referenced Solicitation violated 10 U.S.C. § 2304(a), and applicable regulations requiring the use of competitive sealed bidding procedures when four stated conditions are met. The Court also found that SAD's purported justification for using IDIQ task order contracting for maintenance dredging and shore protection work lacked a rational basis. See Weeks Marine, Inc. v. United States, No. 07-700C (Slip op., Nov. 1, 2007).

On November 12, 2007, Plaintiff filed a motion to enforce and amend the Court's November 1, 2007 Order, and a request for an order to show cause why Defendant should not be found in contempt of Court. Plaintiff asserted that the Jacksonville District Office of the Corps of Engineers issued four Presolicitation Notices on November 7 and 8, 2007 announcing individual negotiated procurements for the same four task orders that were to be used as the basis for proposal evaluation under the enjoined IDIQ Solicitation. Plaintiff argued that the issuance of these notices, and the use of the same evaluation criteria as in the enjoined Solicitation, violated the Court's November 1, 2007 Order and injunction.

Due to the urgency associated with these matters, the Court set a hearing on Plaintiff's motion for November 15, 2007 at 8:00 AM.[1] The Court requested Defendant to submit a response to Plaintiff's motion by 2:00 PM on November 14, 2007, and directed that "Defendant shall refrain from issuing any solicitation covered by the referenced Presolicitation Notices until after the November 15, 2007 hearing, and then only if authorized by the Court." (Order, Nov. 13, 2007). Defendant did not file any response to Plaintiff's motion as the Court had requested, leaving the Court without any explanation of the agency's actions or Defendant's position prior to the hearing.

At the November 15, 2007 hearing, Plaintiff advised that, despite the Court's instructions that no solicitations should be issued, the Jacksonville District Office had issued Solicitation No. W912EP-08-R-0004 on November 14, 2007 for a maintenance dredging project at Kings Bay, Georgia and Fernandina Harbor, Nassau County, Florida. Defendant's attorney of record stated that, while he was aware of the Court's November 13, 2007 Order setting a hearing date, he inexplicably had not read the Order until after the Jacksonville District Office had issued the new Solicitation. Upon reading the Order, Defendant's attorney apparently instructed the agency to postpone responses to the Solicitation pending the Court's further ruling.

Plaintiff views the agency's conduct as using a technicality – the issuance of new individual solicitations with new RFP numbers – as a "loophole" to avoid the Court's injunction that prohibited the agency from using IDIQ task order contracting. In response to the Court's inquiry, Defendant's attorney of record assured the Court that he did not counsel the agency to pursue the challenged actions. The agency apparently determined on its own that the Court's injunction would not apply if the agency employed individual negotiated procurements with new solicitation numbers, different from the enjoined IDIQ solicitation number. It is apparent that the agency should have consulted with the Department of Justice before reaching this conclusion, and should have sought relief from

[1] The early hearing start time on November 15, 2007 was the only available time of the undersigned for that date due to an ongoing trial in another matter.

the injunction if it felt that it had a proper basis for such relief.

Defendant provided to the Court at the November 15, 2007 hearing a five-page, unsigned "Memorandum for Record" with the name of "Cynthia S. Tolle, Contracting Officer, Chief, Contracting Division" on the last page. This memorandum contains the agency's Determination and Findings for using the FAR Part 15 negotiated procurement process for Solicitation No. W912EP-08-R-0004 (the Kings Bay and Fernandina Harbor Project). The agency, however, did not provide any legal or factual justification to use negotiation procurement methods for the three other projects that had been the subject of Presolicitation Notices.

Upon review of the Contracting Officer's Memorandum for Record, the Court finds that the agency has presented a reasonable basis to proceed with the Kings Bay and Fernandina Harbor Project using negotiated procurement methods. The Contracting Officer has analyzed the criteria under 10 U.S.C. § 2304(a) and Federal Acquisition Regulation ("FAR") ¶ 6.401(a), and has explained in some detail: (1) the urgency surrounding this project, (2) the somewhat unique national defense and security interests that are presented by this project, and (3) the difficulties the agency has encountered in recent years when using sealed bid procurements for Kings Bay and Fernandina Harbor. Accordingly, the Court concludes that the agency may proceed with Solicitation No. W912EP-08-R-0004 as currently planned. As noted, however, the prudent approach would have been for Defendant to seek relief from the injunction to issue this solicitation, rather than for the agency to decide unilaterally that the injunction did not cover the proposed action.

As to the other three Presolicitation Notices, the agency did not provide any legal or factual justification for employing negotiated procurement methods, and for not using competitive sealed bidding under 10 U.S.C. § 2304(a) and FAR ¶ 6.401(a). As set forth in more detail below, and barring any agency justification for relief from the injunction, Defendant may not proceed with these three solicitations except on a competitive sealed bid basis under FAR Part 14.

The Court indicated at the November 15, 2007 hearing that it would award attorneys' fees and costs to Plaintiff for having to file its motion to enforce or amend the judgment. However, upon further review, such relief is only available under the circumstances presented if an attorney "so multiplies the proceedings . . . unreasonably and vexatiously" that the attorney should be found personally responsible. 28 U.S.C. ¶ 1927; see also Yancheng Baolong Biochemical Prods., Ltd. v. United States, 406 F.3d 1377, 1382-83 (Fed. Cir. 2005) (no waiver of sovereign immunity to award attorneys' fees as sanction for contempt). The Court declines to make such a finding, and therefore denies Plaintiff's claim for attorneys' fees.

Accordingly, Plaintiff's motion to enforce and amend the Court's November 1, 2007 Order is GRANTED, except as to the agency's Kings Bay, Georgia and Fernandina Harbor, Florida Project discussed above. Plaintiff's request for an order to show cause why Defendant should not be held in contempt is DENIED.

The Court's November 1, 2007 permanent injunction is hereby VACATED, and replaced with the following:

Defendant, acting by and through the United States Army Corps of Engineers, South Atlantic Division and all of its District Offices, including all of their officers, agents, employees, attorneys, and others acting in concert or participation with them, are hereby PERMANENTLY ENJOINED from using Solicitation No. W912EP-07-R-0007 to receive proposals or to award negotiated IDIQ contracts or task orders for maintenance dredging or shore protection services.

Defendant, acting by and through the United States Army Corps of Engineers, South Atlantic Division and all of its District Offices, including all of their officers, agents, employees, attorneys, and others acting in concert or participation with them, is hereby PERMANENTLY ENJOINED from proceeding with Solicitation No. W912EP-08-R-0005, Maintenance Dredging and Advance Maintenance Dredging, Intracoastal Waterway, Jacksonville to Miami, Florida, 12-Foot Project, Cut V-22 through Cut V-36, Volusia County, Florida; Solicitation No. W912EP-08-R-0006, Captiva Island, Beach Renourishment Project, Lee County, Florida; and Solicitation No. W912EP-08-R-0007, U.S. Naval Station, Mayport, Florida, Entrance Channel, Turning Basin, Destroyer Slip, Carrier Basin, and Pier C-2, Maintenance Dredging, 42-Foot Project, and is PERMANENTLY ENJOINED from soliciting and/or awarding contracts for the work called for under these three solicitations on any basis other than competitive sealed bidding in accordance with Part 14 of the Federal Acquisition Regulations.

This permanent injunction does not apply to any other dredging and shore protection projects specified or contemplated as actual or potential task orders in Solicitation No. W912EP-07-R-0007.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge