**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | |
|---|---|
| **WEEKS MARINE, INC.,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES,**<br>**Defendant.** | **Electronically Filed On November 26, 2007**<br>**Civil Action No. 07-0700C (Judge Thomas C. Wheeler)** |

**NOTICE OF DIRECTLY OR INDIRECTLY RELATED CASE**

Great Lakes Dredge & Dock Company LLC v. United States ("Great Lakes") is being filed in this Court on November 26, 2007. It is a pre-bid protest challenging an attempt by the Savannah District of the U.S. Army Corps of Engineers ("Corps"), which is part of the Corps' South Atlantic Division, to use FAR Part 15 negotiated procurement procedures rather than FAR Part 14 sealed bid procedures to procure maintenance dredging work in the Charleston Entrance Channel in South Carolina.

The propriety of the Corps' attempted use of negotiated procurement procedures rather than sealed bidding procedures in solicitations for other dredging work in the South Atlantic Division was addressed in two orders recently issued by Judge Wheeler in Weeks Marine, Inc. v United States, Case Number 07-0700C ("Weeks Marine") dated November 6 and November 16, 2007. In the Court's November 6, 2007 opinion and order, (at 3-4 and 10-13), it held that the Corps had violated 10 U.S.C. § 2304(a) and related regulations by not using sealed

bidding and that it "would be hard-pressed to identify any contracts better suited to sealed bid procurement than dredging. If not appropriate for dredging work, it is hard to imagine when sealed bidding ought to be used." Id. at 3-4. In its November 16 order, the Court permanently enjoined the Corps from proceeding with three solicitations for dredging work in the Southeastern United States, including two maintenance dredging projects, except by using FAR Part 14 sealed bid procedures.

Great Lakes Dredge & Dock Company LLC ("GLDD") respectfully submits that the Great Lakes and Weeks Marine actions should be considered Directly Related Actions under RCFC 40.2(a) and that the Great Lakes action should be assigned to Judge Wheeler. Although the parties in the two cases are not identical, the only difference in parties is that the cases were brought by two different dredging contractors, both of whom are challenging the Corps' attempt to use negotiated procurement procedures instead of sealed bidding to solicit dredging work. Both contend that the Corps has violated 10 U.S.C. § 2304(a), Federal Acquisition Regulation ("FAR") 6.401(a), and related FAR provisions. Therefore, assigning the Great Lakes case to Judge Wheeler or consolidating the two cases will conserve judicial resources and promote an efficient determination of the Great Lakes action.

Alternatively, if the Great Lakes case is determined not to be a Directly Related Case, GLDD respectfully submits, for the reasons set forth above, that the Great Lakes case is an Indirectly Related Case to the Weeks Marine case pursuant to RCFC 40.2(b). The cases present common issues of fact, and assignment or transfer of the Great Lakes case to Judge Wheeler, or consolidation of the two cases, will significantly promote the efficient administration of justice.

Pursuant to Rule 40.2, this notice is being filed in both cases.

Respectfully submitted,

s/Daniel C. Sauls

Daniel C. Sauls
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-8054
Facsimile: (202) 429-3902
dsauls@steptoe.com

**Attorney of Record for Great Lakes Dredge & Dock Company LLC**

Dated: November 26, 2007